IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

               Plaintiff,

v.                                                                          OPINION and ORDER

LIEUTENANT KOLBO, OFFICER HOLTHAUS,                  23-cv-9-jdp
OFFICER WILKINSON, and SERGEANT BERGER,

               Defendants.

---

Plaintiff Shomas T. Winston is proceeding on excessive force claims against defendants Kolbo, Berger, Holthaus, and Wilkinson, all employees of the Wisconsin Secure Program Facility. The matter before the court concerns defendants' allegation that Winston has submitted fake documents to the court to support a motion to compel and for sanctions.

At the center of the dispute is Winston's request for any recording of the use of force in Winston's observation cell on November 8, 2022. Defendants have a recording of the extraction of Winston from the cell, but they don't have the events leading up to the extraction. Defendants say that the video of the events leading up to the extraction have not been preserved because Winston did not promptly request preservation. Winston says that he did make that request, and he submits two written information/interview requests that he said went to defendant Kolbo and security director Cirian. Dkt. 39-4 and Dkt. 39-5. Defendants say these two documents are fake and they ask that the case be dismissed as a sanction for lying to the court.

I held an evidentiary hearing on defendants' motion for sanctions on March 20, 2024. As instructed, defendants submitted additional documents after the hearing concerning

Winston's disciplinary history and the emergency call log from his cell after the use of force. Dkt. 96. Winston responded to the filing. Dkt. 98.

For reasons explained in this order, I find that Winston's two information/interview requests were fake, and that he created them after the fact to support his motion to compel and for sanctions. I will dismiss this case as a sanction for his dishonesty.

Defendants called four witnesses at trial: Ellen Ray, the institution complaint examiner and litigation coordinator at WSPF; Angela Buss, the WSPF security secretary; Jacob Cirian, the WSPF security director; and WSPF Lieutenant Joshua Kolbo, whose responsibilities include preserving video recordings from WSPF security cameras.

The four witnesses described the process by which an inmate can request preservation of security video. If an inmate is in restrictive housing, as Winston was at the time, the inmate submits a written request, typically by lodging it in the trap to the cell door or sliding it under the door. Correctional officers collect the requests and place them in a mailbox in the security suite, a secure area with limited access. Buss would collect the requests, directing them to the appropriate person. Requests for video preservation would be sent to security director Cirian. If the request is specific enough, Cirian would send the request to Lieutenant Kolbo, who would preserve the video. After Cirian reviews and responds to the request, Buss would scan the document and enter it into the electronic correspondence-tracking database. The hard copy with Cirian's written response would be filed, and a hard copy would be sent back to the inmate. Buss and Ray testified that the correspondence-tracking database contained no record of Winston's requests. All the witnesses testified that they had no memory of Winston's two requests. They all testified that they had checked their physical files and found no copy or record of Winson's requests. The witnesses also testified that, although they were aware of

plenty of complaints from inmates that prison officials had not responded to information requests, they were not aware of any incidents in which information requests had gotten lost. The witnesses' testimony was consistent with their pre-hearing declarations, and with each other. I find their testimony credible: WSPF has a reliable system of tracking and responding to inmate correspondence. Although I also recognize that it is at least conceivable that an inmate request could get lost and fail to reach its intended recipient.

But I find that that did not happen here, for five reasons.

First, Winston submitted two requests. A single request might have been misplaced, but the chances of two requests getting misplaced are remote.

Second, Winston has made other requests that have been processed as the witnesses described. For example, Buss forwarded a recent request from Winston to Kolbo. Dkt. 65 at 4; Dkt. 66-3. Buss stamped the recent request as received the day after Winston submitted it and stated in the disposition section that it was forwarded to Kolbo for video preservation. Dkt. 66-3.

Third, when submitted, information requests are folded so that the correctional officer who collects them will not know the subject of the request, which reduces the chances that someone would attempt to intercept a particular request before it gets to the security director.

Fourth, one of Winston's requests contains a peculiar correction. In the request addressed to Kolbo, Winston scratched out the last two digits of the date of submission and replaced them with "22." Dkt. 39-4 at 1. But, in the body of the request, Winston wrote that he talked to Kolbo on "November 8, 2023." *Id.* That discrepancy suggests that Winston initially wrote "2023" in the date field too. If Winston wrote this request, as he claims, on

3

November 15, 2022, it's unlikely that he would have mistakenly written a future year. When people miswrite the year, they typically write in the previous year, not a future one.

Fifth, Winston is a highly experienced pro se litigator. He acknowledged at the hearing that he knows the importance of documentation. That's why, he says, that he made copies of his requests using carbon paper. But he also knows that it would be important to ensure that he had gotten a response to his requests for video preservation. I find it highly unlikely that if he had not gotten a response to his two timely requests for video preservation he would not have followed up. Winston is not shy about speaking up to prison officials.

I find that Winston created the two information requests well after the fact to support his motion to compel production of the cell video and the related motion for sanctions.

A district court has the inherent power to sanction a party for abuse of the judicial process. *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). Dismissal of this case is an appropriate sanction for Winston's submission of the false documents. *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *see also Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").

A litigant can compel the opposing parties and the court to expend vast resources on the basis of bare allegations. So in exchange for the privilege of access to the courts, I expect all litigants to be scrupulously honest in their statements to the court. Winston's submission of false documents is a grave insult to the integrity of the court and the judicial process. Accordingly, I have considered more serious sanctions, such as a filing bar, or dismissing all of Winston's pending cases.

4

I will not impose a more serious sanction because Winston does not have a history of dishonesty with the court. At the hearing, Winston himself solicited testimony from Cirian about whether he had previous incidents of dishonesty, which prompted Cirian to refer to an allegation concerning a contraband cell phone. In his post-hearing filing, Winston contends that Cirian's testimony was false and the I should disregard all of Cirian's testimony. I will not disregard Cirian's testimony, in large part because it is fully consistent with the other witnesses on the points that matter. As I explained at the hearing, I will not consider the cell phone incident at all in this matter, and I will consider Winston to have no history of dishonesty. But Winston is now forewarned: any further act of dishonesty to the court will be met with a severe sanction including a filing bar.

### ORDER

IT IS ORDERED that:

1. Defendants' motion for sanctions, Dkt. 55, is GRANTED.
2. Defendants' ex parte motion to seal, Dkt. 97, is GRANTED.
3. All other pending motions are denied as MOOT.
4. This case is DISMISSED with prejudice.
5. The clerk of court is directed to enter judgment accordingly and close the case.

Entered January 29, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge