IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

            Plaintiff,

  v.                                                  ORDER

LIEUTENANT KOLBO, OFFICER HOLTHAUS,        23-cv-9-jdp
OFFICER WILKINSON, and SERGEANT BERGER,

            Defendants.

---

I dismissed this case as a sanction for plaintiff Shomas T. Winston's submission of falsified documents, specifically two requests for video preservation. Dkt. 110. Winston moves for reconsideration. Dkt. 112.

Winston contends that Jacob Cirian, security director, was the critical witness because all requests for video preservation went through him. And, the argument goes, Cirian perjured himself by testifying that he believed Winston had received a conduct report for lying about a contraband cell phone. Documents provided after the hearing show that Winston did not receive a conduct report for a contraband cell phone. Winston argues that the court erred by ignoring the Cirian's perjury.

Cirian did not commit perjury. In response to Winston's question about his own honesty, Cirian testified that he thought Winston had received a conduct report for lying about a contraband cell phone. That turned out to be mistaken, because Winston did not get such a conduct report. But a mistaken belief is not perjury. I found Cirian's testimony credible because it was consistent with the rest of the evidence. Cirian's comment about the conduct report was not material to the main issue, which was whether Winston's documents were fake. As I explained in my order, I disregarded Cirian's comment about the conduct report and found

that Winston did not have a history of lying. Because Winston had no history of lying, I declined to impose a more serious sanction.

Winston also disputes my assessment of the peculiar date error and correction on one of the preservation requests. Winston says my assessment was not based on scientific facts. He's right about that: my assessment was based on common sense and everyday experience. There is nothing improper about bringing common sense to bear on the assessment of hearing evidence.

ORDER

IT IS ORDERED that plaintiff Shomas T. Winston's motion for reconsideration, Dkt. 112, is DENIED.

Entered February 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge